ACCEPTED
05-15-00114-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
2/18/2015 11:49:04 AM
LISA MATZ
CLERK

NO. 05-15-00114-CV

In the Court of Appeals for the Fifth District of Texas at Dallas

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
2/18/2015 11:49:04 AM
LISA MATZ
Clerk

_____

**IN THE INTEREST OF H.W.G., A CHILD**

**MICHAEL GIBB,**
**Appellant,**

**v.**

**EMILY STEPHENS**
**Appellee.**

_____

On Appeal from the
366th Judicial District Court of Collin County, Texas
Cause No. 366-55837-2009

_____

**APPELLANT'S REPLY BRIEF IN SUPPORT OF MOTION TO SUSPEND TRIAL COURT'S ORDER PENDING APPEAL**

_____

**TO THE FIFTH DISTRICT COURT OF APPEALS:**

Mother really has no substantive response to the motion to suspend order.

First, Mother does not even attempt to argue that suspending the order would harm or be unfair either to her or the child. The closest she can come is a passing, unexplained reference to "an agreement contrary

001

thereto." But she does not explain what this means. And, as the transcript excerpts attached to Father's motion make clear (and Mother does not dispute), returning her to the previous access is entirely consistent with that agreement.

Second, Mother does not attempt to dispute her recent history of drug abuse, her agreement to the strict terms tying unsupervised access to a period of clean drug tests, her failure to meet those strict terms, or the possible resulting danger to the child.

All Mother really says is (1) the trial court found Step 4 access to be in the child's best interest, and (2) the trial court is scheduled to take this matter under advisement in March. Neither contention is accurate, and neither is relevant.

First, the trial court did not, either in its order or in its on-the-record discussion of that order, state that Step 4 access was in the child's best interest. All the trial court mentioned on the record was "continuous serious conflict" between the parents—a matter having nothing to do with drug testing and possession under the prior judgment. The order says only that Mother has satisfied the prerequisites for Step 4 access—something so

obviously untrue that not even Mother made that claim in the trial court (or in her response to this motion).

Second, Mother's pending request for temporary orders on appeal concerns matters entirely unrelated to suspension of the order on appeal (which only makes sense—why in the world would Mother, as Appellee, seek temporary orders suspending the order on appeal?). The trial court's resolution of the request for temporary orders has nothing to do with the relief sought by this motion.[1]

Finally, the trial court's statements during the hearing made clear the futility of seeking suspension of the order. Rather than waste his money and the trial court's time, Father instead sought relief from this Court—as the Family Code explicitly permits.

The Family Code authorizes relief "on a proper showing." TEX. FAM. CODE ANN. § 109.002(b). Mother claims Father did not make a proper showing. Again, however, she never provides any basis for this argument. Father made a showing that Mother's recent drug use poses a risk to the child, and that suspending the order will not negatively affect Mother or the child, or deny them time together.

---

[1] Mother attached a copy of the motion to her response. The motion concerns complaints Mother has about access under the order, and has nothing to do with suspending it pending appeal.

In light of Mother's failure to identify any real reason not to grant relief, Father asks that this Court err on the side of caution and protect the child by suspending the order.

Respectfully submitted,

/s/Charles "Chad" Baruch
Texas Bar Number 01864300
THE LAW OFFICE OF CHAD BARUCH
3201 Main Street
Rowlett, Texas 75088
Telephone: (972) 412-7192
Facsimile: (972) 412-4028
Email: baruchesq@aol.com

*Counsel for Relator*

**Certificate of Compliance**

This brief was prepared using Microsoft Word for Mac. Relying on the word count function in that software, I certify that this motion contains 501 words (excluding the case caption, signature block, and certificates).

/s/Charles "Chad" Baruch

## Certificate of Service

The undersigned counsel of record certifies that a true copy of this instrument was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel on February 18, 2015, as follows:

Charles C. Phillips
Philips & Epperson, LP
2301 Virginia Parkway
McKinney, Texas 75071
By email to:
rcollins@philipsandepperson.com

/s/Charles "Chad" Baruch